IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SAM CONSIGLIO, JR.,

    Petitioner,                   No. 2:13-cv-0157 GEB KJN P

    vs.

CALIFORNIA BOARD OF PAROLE HEARINGS,

    Respondent.                ORDER
_____/

        Petitioner, presently housed at Coalinga State Hospital, and proceeding without counsel, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.[1]

        Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

        In the petition, petitioner contends, *inter alia*, that the respondent denied petitioner his due process rights under Valdivia v. Wilson, No. 2:94-cv-0671 LKK (E.D. Cal.

////

---

[1] On January 30, 2013, petitioner also paid the $5.00 filing fee.

1

1  filed May 2, 1994),[2] during a series of parole revocation proceedings.  (Dkt. No. 1 at 4.)  During
2  the alleged unlawful continued confinement, petitioner was committed to Coalinga State Hospital
3  as a sexually violent predator.  (Dkt. No. 1 at 10.)
4        On February 8, 2013, petitioner filed a motion to expedite the instant petition
5  because it involves an allegedly unlawful parole violation, and because in 2008, petitioner's
6  cardiologist allegedly informed petitioner that due to his poor heart condition, petitioner only had
7  two to three years left to live.  (Dkt. No. 10 at 2.)  Petitioner included a release to enable the court
8  to obtain medical records from his cardiologist to substantiate his claim.[3]  However, petitioner is
9  advised that it is petitioner's obligation to support his claims; the court is not authorized to obtain
10 records on behalf of parties.  While the court appreciates petitioner's desire to expedite this case,
11 it takes time for the parties to obtain documents to present the court with a complete record.
12 Plaintiff's motion is denied without prejudice.
13 ////

---

[2] On May 2, 1994, six individuals and the Prisoners' Rights Union filed a 42 U.S.C. § 1983 class action suit in the Eastern District of California against the State of California and various state officials.  See Valdivia, No. 2:94-cv-0671 LKK.  The plaintiffs in Valdivia alleged that they were denied legal counsel at their parole revocation hearings in violation of the Fourteenth Amendment.  Id.  On December 1, 1994, the district court certified a class consisting of:  (1) California parolees at large; (2) California parolees in custody, as alleged parole violators; and (3) California parolees who are in custody, having been found in violation of parole and who have been sentenced to custody.  Id., Dkt. No. 76.

On March 9, 2004, the district court entered a Stipulated Order for Permanent Injunctive Relief.  Id. Dkt. No. 1034.  The injunction requires the State of California and responsible officials to implement policies and procedures with respect to the parole revocation process, including:  (1) the appointment of counsel; (2) setting a probable cause hearing within a specified amount of time; (3) a plan to provide hearing space for revocation hearings; (4) standards, guidelines and training for effective assistance of state appointed counsel; (5) access to evidence and the ability to subpoena and present witnesses and evidence to the same extent as the State; and (6) limitations on the use of hearsay evidence.  Id.  The court approved the settlement and final injunction on March 17, 2004 (id. at 1044), and continues to maintain jurisdiction over the settlement.  Id.

[3] In the release, petitioner set forth his social security number, which is to be redacted from all court filings.  E.D. L.R. 140(a)(iii).  Accordingly, the Clerk of the Court is directed to redact petitioner's social security number from Dkt. No. 10 at 3; 6 at 3.

On February 4, 2013, petitioner filed a motion for a Valdivia parole revocation hearing. (Dkt. No. 6 at 1.) Petitioner's motion is based on the merits of his claim. Respondent has not yet been served, and the record is not yet fully developed. Thus, the court is not in a position to rule on the merits of the petition at this time. Petitioner's motion is denied.

Petitioner also sought appointment of counsel. In light of the complexity of the legal issues involved, the court has determined that the interests of justice require appointment of counsel. See 18 U.S.C. § 3006A(a)(2)(B); see also Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed in forma pauperis (dkt. #2) is granted;

2. The Clerk of the Court is directed to redact petitioner's social security number from Dkt. No. 10 at 3; 6 at 3;

3. Plaintiff's motions to expedite (dkt. no. 10) and for hearing (dkt. no. 6) are denied;

4. Plaintiff's motion for appointment of counsel (dkt. no. 6) is granted;

5. The Federal Defender is appointed to represent petitioner;

6. The Clerk of the Court is directed to serve a copy of the petition and this order on David Porter, Assistant Federal Defender;

7. Petitioner's counsel shall contact the Clerk's Office to make arrangements for copies of documents in the file;

8. A status conference is set for May 2, 2013, at 10:00 a.m. in Courtroom #25;

9. All parties shall appear at the status conference by counsel;

10. Fourteen days prior to the conference, the parties shall file and serve status reports which address the timing and order of the following matters:

   a. Discovery and investigations;

   b. Anticipated motions;

    c. The need for and timing of an evidentiary hearing;

    d. Enumeration and resolution of unexhausted claims; and

    e. Possible future amendments to the pleadings.

The parties are advised that failure to timely file a status report may result in sanctions; and

    11. The Clerk of the Court shall serve a copy of this order, the form Consent to Proceed Before a United States Magistrate Judge, and a copy of the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on Michael Patrick Farrell, Senior Assistant Attorney General.

DATED: February 15, 2013

              _____
               KENDALL J. NEWMAN
               UNITED STATES MAGISTRATE JUDGE

cons0157.110a