IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SAM CONSIGLIO, JR.,

    Petitioner,                        No. 2: 13-cv-0157 GEB KJN P

    vs.

CALIFORNIA BOARD OF PAROLE HEARINGS,

    Respondent.                     ORDER

_____/

I. Introduction

        Petitioner is a state prisoner, proceeding through counsel, with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On May 23, 2013, a hearing was held before the undersigned regarding respondent's motion to dismiss. (ECF No. 15.) Henry Valle appeared on behalf of respondent. David Porter appeared on behalf of petitioner. After carefully considering the argument of counsel and the record, the undersigned grants respondent's motion to dismiss with leave to amend.

II. Discussion

        Respondent argues that petitioner is raising a claim alleging that the Board of Parole Hearing ("BPH") failed to comply with the time requirements established in the stipulated

1

1 order and permanent injunction in Valdivia v. Wilson, 2: 94-0671 LKK (E.D. Cal. Filed May 2,
2 1994) ("Valdivia"). In particular, respondent construes the petition to argue that petitioner's
3 second parole revocation hearing was held more than 45 days after his parole hold and was held
4 without the proper author of the parole violation being present, all in violation of Valdivia.
5 Respondent first argues that petitioner failed to exhaust state court remedies. Respondent next
6 argues that the petition should be dismissed because a remedial decree, such as the one entered in
7 Valdivia, does not create rights secured by the Constitution.

8       Petitioner does not strongly dispute that the Valdivia consent decree does not
9 create rights secured by the Constitution. Instead, petitioner argues that reading his pro se
10 petition liberally, he is alleging violations of very fundamental due process rights, such as the
11 right to a timely parole revocation hearing, the right to be present at the hearing and the right to
12 confront witnesses.

13       The undersigned agrees with respondent that, "a remedial court order, such as the
14 one entered in the Valdivia case, does not create rights, privileges or immunities secured by the
15 Constitution." Soto v. Bd. of Prison Terms, No. CIV S–07–0414 GEB DAD P, 2007 WL
16 4285381 *1 (E.D.Cal. Dec.6, 2007) (citing Green v. McKaskle, 788 F.2d 1116, 1123–24 (5th
17 Cir. 1986) (remedial decrees are means by which unconstitutional conditions are corrected but do
18 not create or enlarge constitutional rights); see also Wang v. Brown, 2013 WL 1899725 at * 3
19 (N.D. Cal. 2013). The undersigned also agrees with respondent that the claims raised in the
20 petition appear to be primarily based on alleged violations of the order in Valdivia.

21       For all of the reasons addressed at the hearing and in order to clarify the specific
22 claims on which this action is proceeding, petitioner is directed to file an amended petition.
23 Because petitioner will file an amended petition omitting any Valdivia claims, the undersigned
24 need not address respondent's argument that petitioner did not exhaust his Valdivia claims.

25       Accordingly, IT IS HEREBY ORDERED that:
26       1. Respondent's motion to dismiss (ECF No. 15) is granted;

2. Petitioner is granted sixty days from the date of this order to file an amended petition; respondent's response to the amended petition is due within thirty days thereafter.

DATED: May 23, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

con157.mtd