1
2
3
4
5
6
7
8                        UNITED STATES DISTRICT COURT
9                   FOR THE EASTERN DISTRICT OF CALIFORNIA
10

11  SAM CONSIGLIO,                          No.  2:  13-cv-0157 GEB KJN P

12                    Petitioner,

13       v.                                 FINDINGS & RECOMMENDATIONS

14  CALIFORNIA DEPARTMENT OF
    STATE HOSPITALS AND CALIFORNIA
15  DEPARTMENT OF CORRECTIONS
    AND REHABILITATION,
16
                      Respondents.
17

18          Petitioner is a state prisoner, proceeding through counsel, with a petition for writ of

19  habeas corpus pursuant to 28 U.S.C. § 2254.  This action is proceeding on the amended petition.

20  (ECF No. 30.)  Petitioner challenges the legality of his commitment under the Sexually Violent

21  Predator Act ("SVPA").

22          Pending before the court is respondents' motion to dismiss.  (ECF No. 31.)  On February

23  6, 2014, a hearing was held regarding this motion.  David Porter appeared on behalf of petitioner.

24  Heather Heckler appeared on behalf of respondents.  Following the hearing, the court ordered the

25  parties to file further briefing addressing several issues.  (ECF No. 41.)  On June 25, 2014,

26  petitioner filed his further briefing.  (ECF No. 48.)  On July 9, 2014, respondents filed their

27  further briefing.  (ECF No. 49.)

28  ////

                                           1

For the reasons discussed herein, the undersigned recommends that respondents' motion be granted.

Background

In 1992 and 1994, petitioner was convicted of various sex offenses and sentenced to 33 years imprisonment. Petitioner was released from prison on December 29, 2008, and subject to parole for three years. Petitioner's discharge date from parole was December 29, 2011.

On June 21, 2011, petitioner had a parole revocation hearing based on four charges: two incidents of sexual battery; unauthorized entrance into a non-commercial residence; and driving a car with a female without permission. All but the driving charge (count three) were dismissed for insufficient evidence. Charge three was found to be supported by good cause, petitioner's parole was revoked and he was sentenced to 12 months.

Over the next five months, petitioner requested copies of the decision and a copy of the tape from the proceeding. When he finally received the tape, it was blank. On February 27, 2012, the associate chief deputy parole commissioner conducted a decision review, noting that the hearing tape was blank. The associate chief deputy parole commissioner rescinded the revocation and ordered a new hearing to be conducted as soon as possible. He also ordered that at the hearing, only charge 3 would be considered.

In the meantime, on February 3, 2012, a civil petition to commit petitioner was filed under the SVPA.

On April 11, 2012, petitioner appeared at the rescheduled parole revocation hearing and asked to represent himself. The deputy commissioner ordered the hearing postponed indefinitely.

On April 16, 2012, another deputy commissioner (without petitioner, his lawyer or witnesses present) found good cause on charges 1, 2 and 4 (which had been previously dismissed). That deputy commissioner sentenced petitioner to credit for time served. The hearing on count 3 was again postponed with no reason given.

////

////

////

2

On June 1, 2012, after these irregularities were brought to its attention, the BPH issued a miscellaneous decision stating that, "the request for decision review will not be conducted and is dismissed as untimely," but also ordered a revocation on charge 3 to be held as soon as possible.

On June 15, 2012, another revocation hearing was held. Petitioner's attorney objected on grounds that the hearing was held 109 days after the February 27, 2012 decision. Counsel also objected to the BPH's reliance on its unsworn file to prove that no approval was given to petitioner to be with a female in his car and that petitioner's parole agent was not subpoenaed or present at the revocation hearing. The objection was overruled. Good cause was found as to charge 3 and petitioner was sentenced to time served.

On January 25, 2013, petitioner filed his original federal habeas petition in this court.

Petitioner's Claim

At the outset, the undersigned clarifies petitioner's claims.

"A petition to commit a person as an SVP may be filed only 'if the individual was in custody pursuant to his or her determinate prison term, parole revocation term, or a hold placed pursuant to Section 6601.3, at the time the petition is filed.'" In re Lucas, 53 Cal.4th 839, 843 (2012) (quoting Cal. Welf. & Inst.Code, § 6601, subd. (a) (2).)

California Welfare and Institution Code section 6601(a)(2) also provides that an SVP petition "shall not be dismissed on the basis of a later judicial or administrative determination that the individual's custody was unlawful, if the unlawful custody was the result of a good faith mistake of fact or law." "Lawful custody has never been a jurisdictional prerequisite to filing an SVP petition; a later judicial or administrative proceeding determination the custody was unlawful does not deprive the court of the power to proceed on an SVP petition if the custody status when the petition was filed was a result of a good faith mistake of law or fact." People v. Wakefield, 81 Cal.App.4th 893, 898 (2000).

In the amended petition, petitioner argues that his custody at the time the SVP petition was filed was unlawful and in bad faith because the BPH had violated his constitutional rights during the parole revocation process. (ECF No. 30 at 17-18.)

////

3

1  Discussion

2        *Younger Abstention*

3        In the reply to petitioner's opposition, respondents stated that petitioner had filed an

4  appeal of his SVP commitment in state court raising the same claim as raised in the instant action.

5  Respondents stated that this case was currently pending before the California Court of Appeal and

6  was scheduled for oral argument on February 10, 2014.

7        Pursuant to the Younger abstention doctrine, federal courts should not interfere with

8  ongoing state proceedings.  Younger v. Harris, 401 U.S. 37, 44-45 (1970).  Other district courts

9  have found that Younger applies to ongoing SVP proceedings.  See Miller v. Cate, 2011 WL

10  4457666 at *4-5 (E.D. Cal. 2011).

11        In his June 25, 2014 further briefing, petitioner states that on May 21, 2014, the California

12  Supreme Court denied his petition for review.  Because petitioner's related state action is

13  concluded, the Younger abstention doctrine is no longer applicable.

14        *Exhaustion*

15        In the motion to dismiss, respondents argued that to the extent petitioner challenged his

16  SVP commitment, that claim was not exhausted.  Respondents' argument was based on

17  petitioner's pending state action.   As discussed above, the California Supreme Court denied

18  petitioner's petition for review.  Accordingly, petitioner's claim is exhausted.  The motion to

19  dismiss on this ground is without merit.

20        *Custody*

21        Subject matter jurisdiction over habeas petitions exists only if at the time the petition is

22  filed the petitioner is "in custody" under the conviction or sentence challenged in the petition.

23  Maleng v. Cook, 490 U.S. 488, 490-91 (1989).  Once the sentence for a conviction has expired

24  completely, a petitioner is not "in custody" for purposes of a habeas attack on the petition, nor are

25  collateral consequences of the conviction sufficient to meet the "in custody" requirement.

26  Maleng, 490 U .S. at 491.

27        Respondents argue that because petitioner is now in custody pursuant to his SVPA

28  commitment, he has not met the "in custody" requirement for challenging his 2012 parole

4

1  revocation.  Respondents further argues that petitioner's challenge to his parole revocation

2  proceedings cannot be construed as a challenge to his current confinement because only a

3  conviction, not a parole revocation, can serve as a predicate offense for SVP commitment.  See

4  Cal. Welf. & Inst. Code § 6600(a)(1).

5         Petitioner is challenging the legality of his SVPA commitment on grounds that the state

6  failed to follow its own rules when confining him.  Because petitioner was in custody under his

7  SVPA commitment when he filed this action, he meets the jurisdictional custody requirements.

8         *State Law*

9         Respondents moves to dismiss on grounds that petitioner is raising a state law claim only.

10        In the amended petition, petitioner argues that his parole revocation proceedings violated

11 federal law.  (ECF No. 30 at 17.)  However, petitioner cites no federal law in support of his

12 argument that his SVPA commitment violated federal law.  Instead, petitioner cites People v.

13 Superior Court (Small), 159 Cal.App.4th 301, 309, 310 (2008), where the court invalidated an

14 SVP commitment where unlawful custody was not due to a good faith mistake of law or fact.

15 (Id.)  Petitioner then argues that the "ongoing, bad faith failure of the State to provide Mr.

16 Consiglio due process violated his federal constitutional rights."  (Id. at 17-18.)

17        The California Court of Appeal denied petitioner's appeal of his SVP commitment, in

18 part, after finding that the revocation of petitioner's parole by the BPH was based on a good faith

19 mistake within the meaning of California Welfare and Institution Code § 6601(a)(2).  People v.

20 Consiglio, 2014 WL 643758 at *15 (Feb. 20, 2014).

21        Federal habeas relief is not available for an alleged error in the interpretation or

22 application of state law.  Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (reiterating that "it is not

23 the province of a federal habeas court to reexamine state-court determinations on state-law

24 questions.").

25        In addition, state courts are the "ultimate expositors of state law."  Mullaney v. Wilbur,

26 421 U.S. 684, 691 (1975).  Accordingly, this court is bound by the state courts' determination of

27 California law.  See Bradshaw v. Richey, 546 U.S. 74, 76 (2005) (noting that the Supreme Court

28 has repeatedly held that "a state court's interpretation of state law, including one announced on

5

1  direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus"); see

2  also Himes v. Thompson, 336 F.3d 848, 852 (9th Cir. 2003) (federal habeas courts are bound by a

3  state court's interpretation of its own laws); Mendez v. Small, 298 F.3d 1154, 1158 (9th Cir.

4  2002) (it is undisputed that a "state court has the last word on the interpretation of state law").

5     California courts concluded that petitioner's SVPA commitment was proper under

6  California law, and this court is bound by that conclusion.  See Hubbart v. Knapp, 379 F.3d 773,

7  779–80 (9th Cir. 2004) ("Under AEDPA, we again defer to the state court, which held that 'there

8  is no due process violation where the person was not in lawful custody at the time the petition

9  was filed ... [provided that] custody ... result[ed] from a good faith error rather than negligent or

10  intentional wrongdoing.'"), cert. denied, 543 U.S. 1071 (2005).

11     While petitioner attempts to frame his petition as raising a constitutional claim based on

12  alleged violations of his constitutional rights during his parole revocation proceedings, he is really

13  raising a claim alleging a state law violation during his SVP commitment proceedings.  The

14  undersigned does not reach the issue of whether the alleged constitutional violations occurred

15  during the parole revocation proceedings because, as discussed above, petitioner's underlying

16  claim is based on state law.  To the extent petitioner wishes to raise a claim challenging only his

17  parole revocation on constitutional grounds, he must file a separate habeas petition.

18     Because petitioner's claim is based on an alleged violation of state law, respondent's

19  motion to dismiss should be granted.

20     Accordingly, IT IS HEREBY RECOMMENDED that respondent's motion to dismiss

21  (ECF No. 31) be granted.

22     These findings and recommendations are submitted to the United States District Judge

23  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

24  after being served with these findings and recommendations, any party may file written

25  objections with the court and serve a copy on all parties.  Such a document should be captioned

26  "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

27  objections shall be filed and served within fourteen days after service of the objections.  The

28  parties are advised that failure to file objections within the specified time may waive the right to

1   appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

2   Dated:  July 31, 2014

3

4   Con157.mtd

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28